GEORGE W. ROBINSON & al. *versus* SAMUEL A. GILMAN.

The public seal of a State, affixed to the exemplification of a law, proves itself. It is a matter of notoriety, and will be taken notice of as a part of the law of nations acknowledged by all.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

Assumpsit upon a promissory note. The evidence offered to prove a law of the State of Massachusetts was objected to by the defendant, but admitted. It is stated in the opinion of the Court. The deposition of Charles L. Jones was introduced by the plaintiffs to prove the partnership of the plaintiffs. The counsel for the defendant requested the Judge to instruct the jury, that the evidence was not sufficient to prove the issue on the part of the plaintiffs. The Judge declined, and left it to the jury to decide upon the evidence, whether the partnership was proved. The verdict was for the plaintiffs, and the defendant filed exceptions.

*J. Appleton* and *Hill,* for the plaintiffs.

*Rogers* and *Gilman,* for the defendant.

The opinion of the Court was by

EMERY J. — The questions raised here are upon exceptions from the Court of Common Pleas.

The writ calls the defendant "to answer to George W. Robinson and Simon P. Wiggin, both of Boston, in the county of Suffolk, and State of Massachusetts, merchants and co-part-

ners under the firm, Robinson & Wiggin." It contains two counts, one on an account annexed to the writ, in the sum of fourteen hundred dollars, and another count charged the defendant as indebted to the plaintiffs in the sum of two thousand dollars for so much money had and received to the plaintiffs' use. The general issue was pleaded. The proof was, that the plaintiff firm was composed of said Robinson and James S. Wiggin.

The principal difficulty seems to have arisen from the fact, that Simon P. Wiggin, one of the firm, as described in the writ, had been permitted, by the legislature of Massachusetts, to take the name of James S. Wiggin; and the question most insisted on, was whether the proof offered was sufficient. It was a copy, certified by John P. Bigelow, secretary of the Commonwealth, whereby it appears, "that Simon P. Wiggin, of Boston, may take the name of James S. Wiggin," the act having been approved on the 22d day of March, 1834.

This copy was certified with this conclusion — "Witness my hand, and the seal of the State. John P. Bigelow, Sec'y of the Com'th. Secretary's office, May 17th, 1838," — with the seal of the State of Massachusetts impressed, over which a part of the signature of the secretary is written.

And we are satisfied, upon the reason of the thing, as well as upon authority, that the public seal of a State, affixed to the exemplification of a law, proves itself. It is a matter of notoriety, and will be taken notice of as part of the law of nations, acknowledged by all. *Lincoln* v. *Battelle*, 6 Wend. 475; Norris's Peake, edition of 1824, from 5th London ed. 109 and 110, note; 3 East, 222; *The United States* v. *Johns*, 4 Dall. 412, 416.

The whole evidence, we think, was rightly permitted to go to the jury, to decide whether it proved the issue on the part of the plaintiff. And if they believed the testimony of Charles L. Jones, we do not perceive that they could properly omit giving their verdict in favor of the plaintiffs.

*The exceptions are overruled.*